*Decision will be entered under Rule 50.*

J. Gordon Hill, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Neil E. Larkin, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Frank A. MacHugh, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 36537, 36597, 39493. Promulgated January 25, 1932.

*N. D. Larkin, Esq.,* and *Fred Brown, Esq.,* for the petitioners.
*John D. Kiley, Esq.,* for the respondent.

### OPINION.

Lansdon: The respondent asserts deficiencies in income tax for the year 1923 in the respective amounts of $230.69, $188.58 and $2,268.10. The only issue is whether certain additions to the reserve for bad accounts maintained by a partnership of which petitioners were members are ratably deductible from the income of each of the several petitioners in the taxable year.

In the year 1923 all the petitioners were members of the partnership of MacHugh, Hill and Company, accountants and auditors, San Francisco, California. In determining the net income of the partnership, distributable shares of which were taxable to the petitioners in proportion to their several interests therein, a deduction was claimed on account of additions to a reserve for bad debts.

The partnership in the taxable year, as well as prior and subsequent years thereto, maintained a reserve on its books for bad debts and determined its income by taking certain deductions therefrom in each year which it alleges were in the nature of net additions to such reserve. It has never obtained permission from the Commissioner to change the method of charging off debts ascertained to be worthless in the taxable year. The additions to the reserve were not based on a table of experience and were not a certain definite percentage of

bills receivable. It was the practice of the partnership to charge the reserve for bad debts with that part of the receivables that it deemed to be uncollectible. At December 31, 1923, the total of receivables was $24,953.21 and the total reserve for bad debts was $16,459.58. During the same year it collected $14,889.62, which it called progress payments. At the close of the year it examined its receivables and charged the amount of $13,397.04 to profit and loss as debts ascertained to be worthless in that year. This amount was determined by an examination of each account receivable and represented the judgment of the partnership on the accounts that were then definitely uncollectible. This amount does not appear to be made up by adding worthless accounts together, but apparently contains parts of debts that were not wholly hopeless at the close of the taxable year.

Petitioners' counsel conceded at the hearing that its method of handling bad debts had been disapproved by this Board in *J. Gordon Hill et al.*, 11 B. T. A. 910, in which similar claims were made and disallowed. It is now contended that a different method was employed in 1923, but the only dissimilarity seems to be that the partnership no longer included the amount of disputed bills in its total charge to reserves for bad debts. The law authorized taxpayers to use either of two bases in determining deductions from taxable income on account of worthless debts. If the reserve basis is used, a reasonable percentage of receivables resulting from experience in prior years may be charged to a reserve and deducted from income in each taxable year. If the charge-off method is used, the amounts chargeable " against profit and loss must represent debts actually or in part determined to be worthless in the taxable years." This partnership, of which these petitioners were members, seems to have endeavored to combine the two systems. It is argued that deductions here claimed, while carried to some sort of a reserve, actually represent specific debts ascertained to be worthless and charged to profit and loss in the taxable year. The method used is so much at variance with the law and the respondent's regulations that we are unable to approve the results of its application to the receivables of the partnership. In the *Hill* proceedings, *supra*, the same partnership was involved and the claims there were based on facts, allegations and practice similar to those established herein, but were for different years. Our decision was adverse to the petitioners. No evidence introduced in the present proceeding is sufficient to require us to reverse our decision therein. On this issue the determination of the respondent is approved.

*Decision will be entered for the respondent.*